## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JENNIFER HARPER MILLER,

          **Plaintiff,**

    **v.**

FMC INDUSTRIES, LLC, FMC
INDUSTRIES, DIANA LEAL
GONZALEZ, individually and/or
authorized representative of her
Estate in the event she is
predeceased, LANCER
INSURANCE COMPANY, JOHN
DOE INDIVIDUAL(S) AND JOHN
DOE ENTITY(IES),

          **Defendants.**

1:17-cv-4481-WSD

## OPINION AND ORDER

On October 6, 2017, Plaintiff Jennifer Harper Miller ("Plaintiff") filed a

Complaint against Defendants FMC Industries, LLC, Diana Leal Gonzalez, and

Lancer Insurance Company (collectively "Defendants"), in the State Court of

DeKalb County, Georgia, asserting a claim for negligence and requesting an award

of damages, and attorney's fees and expenses.

On November 7, 2017, Defendant removed the DeKalb County action to the

Court based on diversity of citizenship. (Notice of Removal [1]).

Defendant's Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co.,

505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Notice of Removal does not adequately allege Plaintiff's citizenship.  It states only that "Plaintiff is a resident of the State of Georgia." ([1] ¶4).  To show citizenship, however, "[r]esidence alone is not enough."  Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Notice of Removal also does not adequately allege the citizenship of Defendant FMC Industries, LLC ("FMC").  It states only that FMC is "a corporation organized and incorporated under the laws of the State of Texas, with its principle [sic] place of business in Texas, located at 9604 N. Ware Road, McAllen, TX 78504," "[a]t no time has Defendant FMC been domiciled in the

State of Georgia," and, "[n]or has it ever maintained its principle [sic] place of business in the State of Georgia." ([1] ¶ 7). This allegation is insufficient. Defendant is required to allege the identity of all of the LLC's members and their respective citizenship in order for the Court to determine if it has subject matter jurisdiction. See Rolling Greens, 374 F.3d at 1022.

Defendants are required to file an amended notice of removal stating: (1) the citizenship of Plaintiff Jennifer Harper Miller; and (2) the identities of FMC members and their respective citizenships.[1] The Court notes that it is required to dismiss or remand this action unless Defendants provide the required supplement alleging sufficient facts to show the Court's jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

Accordingly, for the foregoing reasons,

---

[1] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

**IT IS HEREBY ORDERED** that Defendant must file an Amended Notice of Removal on or before November 27, 2017, that provides the information required by this Order.

**SO ORDERED** this 21st day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE